# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

LUCAS CIERPIOT )
)
Plaintiff, )  Case No.: _____
)
vs. )  The Honorable _____
)
WESTROCK SERVICES, LLC, )  **NOTICE OF REMOVAL**
JASON HOOK, and )
REX NELSON )
)
Defendants. )

**PLEASE TAKE NOTICE** that Defendants Westrock Services, LLC, Jason Hook, and Rex Nelson (collectively, "Defendants") hereby remove this matter to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. §§ 1332(a) and 1446. Removal of this case to federal court is appropriate because the amount in controversy exceeds $75,000 and there is complete diversity between Plaintiff Lucas Cierpiot ("Cierpiot" or "Plaintiff") and Westrock Services, LLC ("Westrock"), which is the only properly named defendant. As shown below, defendants Jason Hook ("Hook") and Rex Nelson ("Nelson") (the "Missouri-Resident Defendants") were fraudulently joined or misjoined to this action.

## I.   FACTUAL BACKGROUND

1.   On January 20, 2024, Plaintiff filed a Petition in the Circuit Court of Jackson County, Missouri at Independence, a copy of which is attached hereto as **Exhibit A**.

2.   On January 24, 2024, Plaintiff filed a First Amended Petition, a copy of which is attached hereto as **Exhibit B**.

3.   On February 17, 2024, Plaintiff served Hook and Nelson with a Summons and Petition, a copy of which is attached hereto as **Exhibit C**.

4865-0502-4938

4. As of the time of filing, Plaintiff has not served Westrock.

5. On February 26, 2024, Plaintiff filed a Second Amended Petition, a copy of which is attached hereto as **Exhibit D**. The Petition, First Amended Petition, and Second Amened Petition purport to allege claims against Westrock for hostile work environment, disability discrimination, and retaliation in violation of the Missouri Human Rights Act ("MHRA"), and purport to allege against Hook and Nelson only Missouri common law conversion claims.

6. Copies of all other process, pleadings, and orders filed in the Circuit Court of Jackson County, Missouri at Independence, are attached hereto collectively as **Exhibit E.**

7. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending, and because a substantial part of the events giving rise to Plaintiff's purported claims allegedly occurred in this district.

8. As required by 28 U.S.C. § 1446(b)(1), this notice of removal is filed within thirty (30) days after Hook and Nelson were first served with Plaintiff's pleading setting forth Plaintiff's claims for relief.

9. The time for Defendants to answer the Second Amended Petition, which is the operative pleading, has not yet expired.

10. Plaintiff's request for relief against Westrock includes "all available damages in an amount that is fair and reasonable, his costs, attorney fees, interest, and all available equitable relief." Second Am. Pet. "WHEREFORE" clauses following ¶¶ 67, 76, 84.

11. On the date the operative pleading was filed, Plaintiff was a citizen of Missouri. *Id*. ¶ 11.

2

12. Westrock is a company formed under Georgia law with its principal place of business in Atlanta, Georgia. As such, Westrock is a Georgia citizen. *Id*. ¶¶ 14-15.

13. Hook is a citizen of Missouri. *Id*. ¶ 9.

14. Nelson is a citizen of Missouri. *Id.* ¶ 10.

## II. PLAINTIFF'S ACTION SATISFIES THE AMOUNT IN CONTROVERSY REQUIREMENT OF 28 U.S.C. § 1332(A)

15. Plaintiff's action satisfies the first requirement of diversity jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000. Federal courts have original jurisdiction over civil actions between diverse parties when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). When a complaint requests an unspecified amount of damages, removal of the case under § 1332(a) is proper when the defendant demonstrates by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional minimum. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007) (citation omitted). "[T]he district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $ 75,000.00." *Fainer v. State Farm Mut. Auto. Ins. Co.*, 2009 U.S. Dist. LEXIS 27655, at *5 (E.D. Mo. Apr. 1, 2009) (citation omitted). The jurisdictional question is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that the damages are greater than the requisite amount. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

16. The Second Amended Petition shows the amount in controversy in this action between Plaintiff and Defendants far exceeds $75,000. Plaintiff seeks "all available damages in an amount that is fair and reasonable, his costs, attorney fees, interest, and all available equitable relief." Second Am. Pet. "WHEREFORE" clauses following ¶¶ 67, 76, 84. Available damages

3

under the MHRA include "actual damages including back pay, other past [and future] economic losses, and any past [and future] emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other noneconomic losses." MAI-Civil 38.09.

17.     Plaintiff also seeks attorneys' fees. Second Am. Pet. ¶¶ 67, 76, 84. When calculating the amount-in-controversy requirement "[t]here is little doubt that attorneys' fees themselves" must be considered. *Reinbold v. AGCO Corp.*, 2021 U.S. Dist. LEXIS 219031, at \*4-5 (E.D. Mo. Nov. 12, 2021). The attorneys' fees a court must consider include those incurred through the end of the case, including trial. *Id.*; *see also Embry v. T. Marzetti Co.*, 2020 U.S. Dist. LEXIS 162334, at \*4-5 (E.D. Mo. Sept. 4, 2020).

18.     Based on Plaintiff's claimed damages (including attorneys' fees), a fact finder could reasonably conclude they are greater than $75,000.

19.     Thus, Plaintiff's action meets the amount in controversy requirement under 28 U.S.C. § 1332(a).

## III.     PLAINTIFF'S ACTION SATISFIES THE DIVERSITY OF CITIZENSHIP REQUIREMENTS OF 28 U.S.C. § 1332(A)

20.     Complete diversity exists between all parties properly joined to Plaintiff's action, thereby satisfying the second prong of the diversity jurisdiction standard under 28 U.S.C. § 1332(a). At the time the Second Amended Petition Complaint was served, and this action was commenced, Plaintiff was a citizen of Missouri. Second Am. Pet. ¶ 11. Westrock is a citizen of Georgia with its primary place of business in Atlanta, Georgia. *Id.* ¶¶ 14-15. Finally, while Hook and Nelson are citizens of Missouri, complete diversity exists for removal purposes because Hook and Nelson were fraudulently joined to this action, either through fraudulent misjoinder or fraudulent joinder.

4865-0502-4938

21. In 2022, Plaintiff brought claims against his then employer for disability discrimination under the MHRA and claims for conversion against two individual defendant employees of the employer defendant. *See Cierpiot v. Faurecia Interior Systems Inc.*, 2022 U.S. Dist. LEXIS 71389 (W.D. Mo. Apr. 19, 2022). Plaintiff alleged two employees discarded the contents of his employee locker after he was escorted off the employer's premises, allegedly due to retaliation. *Id.*

22. It is, described most charitably, a remarkable coincidence that Plaintiff would allegedly be the victim of disability discrimination *and* have items discarded from a locker while on leave from work *again* just two years later.

A. **<u>Fraudulent Misjoinder Standard</u>**

23. Fraudulent misjoinder applies "when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party . . . even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). The fraudulent misjoinder rule is an exception to the complete diversity rule that has been accepted by some courts. *Id.* The Eighth Circuit has neither adopted nor rejected the fraudulent misjoinder doctrine. *Id.*

24. Although some courts considering fraudulent misjoinder claims have required both a finding of misjoinder and a finding of a bad faith attempt to defeat diversity, other courts have refused to apply the bad faith standard when considering misjoinder in the context of remand petitions. *See, e.g., In re Stryker*, 2013 U.S. Dist. LEXIS 175153 (citing *Greene v. Wyeth*, 344 F. Supp. 2d 674, 685 (D. Nev. 2004)). These courts note that when a non-diverse party cannot be properly joined under the Federal Rules of Civil Procedure, "other interests, such as a defendant's statutory right of removal, prevail over that of permitting a plaintiff's choice of forum." *Id.* at *13.

5

In other words, a court faced with misjoinder need not determine whether the plaintiff misjoined parties in bad faith.[1]

25.     Plaintiff seeks to join multiple defendants. The procedural basis to do so is Federal Rule of Civil Procedure 20. That Rule allows for permissive joinder of multiple defendants in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; (B) **and** any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added). If defendants have been misjoined for the failure to satisfy the conditions for permissive joinder under Rule 20(a), the Rules allow for severance of those defendants: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

26.     Missouri's permissive joinder standard is substantially similar to Rule 20. *See* Mo. R. Civ. P. 52.05(a).

**B.     <u>Hook And Nelson Have Not Been Properly Joined</u>**

27.     Plaintiff asserts employment claims for harassment, disability discrimination, and retaliation under the MHRA against Westrock. Second Am. Pet. ¶¶ 59-67; 68-76; 77-84.

28.     Plaintiff asserts a single claim for conversion against each of Hook and Nelson. *Id*. ¶¶ 85-96; 97-108.

29.     Plaintiff alleges Hook and Nelson converted Plaintiff's property from a locker located at 100 Southwest South Avenue, Blue Springs, Missouri in Jackson County, Missouri.

---

[1] Although not required, if the Court considers Plaintiff's bad faith, the Court need look no further than Plaintiff's strikingly similar allegations filed in 2022, in which Plaintiff alleged two Missouri residents removed items from a locker and alleged his employer violated the MRHA.

6

Plaintiff does not identify what facility is located at this address or why his property was located there. *Id*. ¶¶ 85, 97.

30. Likewise, Plaintiff does not identify Hook or Nelson other than to state they are "adult citizen[s] of Missouri." *Id*. ¶¶ 9-10. Plaintiff does not make any allegations that would explain Hook's and Nelson's relations to Plaintiff, the address where Plaintiff's property was stored, or otherwise connect the allegations against Hook and Nelson to the allegations asserted against Westrock.

31. Plaintiff alleges Hook and Nelson were "not acting within the course and scope of [their] employment." *Id.* ¶¶ 91, 103. Plaintiff does not allege the identity of Hook's or Nelson's employer or why that allegation is relevant to Plaintiff's conversion claim.

32. In fact, Plaintiff makes no allegations that would explain why a conversion claim would be joined with a facially unrelated employment discrimination claim.

33. Plaintiff does not make any allegations that his claims against Westrock, and his claims against Hook and Nelson, arise out of the same transaction, occurrence, or series of transactions or occurrences. *See* Fed. R. Civ. P. 20(a)(2). Nor does Plaintiff make any allegations that his claims against Westrock, and his claims against Hook and Nelson, have any question of law or fact common to all defendants. *See id*. Quite the opposite—Plaintiff goes to great pains to separate the alleged facts supporting his MHRA claims and the alleged facts supporting his conversion claims. Second Am. Pet. at p.3 (bold and underlined heading denoting facts relevant to counts I-II[I] against Westrock).

34. The MHRA claims and conversion claims include different elements and have no questions of law in common. *Compare Cook v. Atoma Int'l of Am., Inc.*, 930 S.W.2d 43, 46 (Mo. App. E.D. 1996) (requiring employee to show in MHRA disability discrimination claim: "(1) []he

7

is a member of a protected class because []he has a disability protected by the statute, (2) employer took an adverse action against the employee and (3) evidence from which to infer that employee's protected status was a factor in employer's adverse action"), *and Matthews v. Harley-Davidson*, S.C. No. 100116, 2024 WL 340944, at *4 (Mo. Jan. 30, 2024) ("The elements of a hostile work environment requires the [claimant] to show: (1) he is a member of a group protected under the MHRA [Missouri Human Rights Act]; (2) he was subjected to unwelcome harassment; (3) the [claimant's] membership in the protected group was a motivating factor in the harassment; and (4) a term, condition, or privilege of the [claimant's] employment was affected by the harassment.'"), *with Envirotech, Inc. v. Thomas*, 259 S.W.3d 577, 585 (Mo. App. E.D. 2008) ("To state a claim for conversion, a plaintiff must plead and prove [1] that he was entitled to possession, [2] the defendant exercised unauthorized control and [3] the defendant deprived plaintiff of his right to possession.").

35.     For the reasons discussed above, Plaintiff fraudulently misjoined Hook and Nelson to this action, so Hook and Nelson should not be considered for purposes of determining diversity in this action, diversity exists between Plaintiff and Westrock, and diversity jurisdiction exists in this action.

### C.     Fraudulent Joinder Standard

36.     In the alternative to fraudulent misjoinder, diversity jurisdiction exists because Hook and Nelson have been fraudulently joined.

37.     Fraudulent joinder is "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). Joinder is fraudulent and removal proper when there exists "no reasonable basis in fact and law" for the claim brought against the resident defendant. *See Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012) (citation omitted). The doctrine of fraudulent joinder permits this Court to assume jurisdiction over a facially non-diverse case

temporarily and, if there is no reasonable basis for the imposition of liability, dismiss the non-diverse defendant(s) from the case and retain subject matter jurisdiction over the remaining claims. *See id.*

38.    In cases removed from state court, federal courts "apply federal pleading standards—Rules 8 and 12(b)(6)—to the state substantive law to determine if a complaint makes out a claim under state law." *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013). The same pleading standards apply to allegations used to oppose a claim of fraudulent joinder. *See Henson v. Union Pac. R.R. Co.*, 3 F.4th 1075, 1080 (8th Cir. 2021). Thus, if a plaintiff relies on "conclusory allegations, which are insufficient to state a claim against [the non-diverse defendant,] . . . [d]ismissal on the basis of fraudulent joinder [is] proper." *Id.*; *see also Block v. Toyota Motor Corp.*, 665 F.3d 944, 950 (8th Cir. 2011) (holding "conclusory allegations in the complaint . . . are insufficient" to establish a reasonable basis for liability under state law); *Owens v. Boston Sci. Corp.*, 642 F. Supp. 3d 907, 911-12 (E.D. Mo. 2022).

39.    As shown below, Plaintiff's joinder of Hook and Nelson is fraudulent because Plaintiff cannot reasonably establish or maintain the cause of action he purports to plead against Hook and Nelson for conversion in light of his failure to support his conclusory allegations.

### D.    <u>Plaintiff Cannot Reasonably Maintain a Cause of Action against Hook and Nelson for Conversion</u>

40.    "[U]nder any theory of conversion, [Plaintiff] must show he had title to, or right of property in, and right to immediate possession of, property concerned at alleged date of the conversion." *See Aldridge v. Francis*, 503 S.W.3d 314, 317 (Mo. Ct. App. 2016). Such allegations must be plead with factual support, rather than conclusory recitations of the elements of the claim. *Id*. ("Other than conclusory allegations, Aldridge pled no facts to sustain a claim that he had a right of property or right to immediate possession of the property listed in his petition.").

9

4865-0502-4938

Case 4:24-cv-00191-BP    Document 1    Filed 03/18/24    Page 9 of 13

41.     Plaintiff alleges he stored "his personal property" in a locker at a particular address in Jackson County, Missouri. Second Am. Pet. ¶¶ 85; 97. Plaintiff does not identify what the "personal property" was or allege any facts beyond this conclusory allegation establishing his title or right to the unidentified "personal property."

42.     Separately, Plaintiff alleges that "property" he stored in the locker—which, apparently, is separate from his "personal property," included a hat light, low-vision occupational aids, a pair of glasses, a visor, dry-weave socks, and an evaporating, cooling neck wrap in a locker. *Id*. ¶¶ 86; 98. Plaintiff similarly fails to allege any facts beyond this conclusory allegation establishing his title or right to the unidentified "property." Plaintiff separately alleges in additional conclusory fashion that he "owned the above-mentioned property, and [] was entitled to possession of this property," *id*. ¶¶ 92; 104 but fails to allege any facts supporting this threadbare allegation.

43.     Additionally, Plaintiff failed to allege specific facts to support his conclusory allegation that neither Hook nor Nelson was authorized to seize or direct the seizure of the property. *See id*. ¶¶ 97; 99.  As in *Aldridge*, Plaintiff's failure to support his conclusory allegation regarding authorization means there is no set of facts under which Plaintiff's claim could succeed.  *Aldridge*, 503 S.W.3d at 317.

44.     Plaintiff's other conclusory allegations cannot save his pleading deficiencies; rather, each statement is framed to address a legal argument only. *See* Second Am. Pet. ¶¶ 85-96; 97-108.

   a.     "Plaintiff did not abandon this property or authorize any other person, including [Hook or Nelson], to take possession of it."

   b.     "Between June 29, 2022, and July 5, 2022, [Hook and Nelson] took "Plaintiff's property {**which property?**}[2] from the locker

---

[2] For the avoidance of doubt, any language included in the {} brackets and bolded are not quotes within Plaintiff's Second Amended Petition; rather, they are questions posed by Defendants demonstrating the conclusory nature of the allegations.

4865-0502-4938

where Plaintiff had it stored, or, as further discovery will determine, directed others to do so {**Was it Hook? Was it Nelson? Was it someone else?**}."

c. "Rex Nelson admitted {**To whom? When?**} that he and one or more other individuals who Plaintiff understood to include Jason Hook, had removed the personal property {**What property?**} of another person {**Which other person?**} from a locker {**Where was the locker?**} to take possession of it {**What is the other person's title to the property?**}."

d. "[Nelson and Hook] either threw Plaintiff's property away or kept it {**Which is it?**}, or, as further discovery will determine, Nelson directed others {**Who are these others?**} to throw Plaintiff's personal property away or keep it {**Again, which is it?**}."

e. "[Nelson and Hook] was not acting within the course and scope of his employment {**Why would this matter? Plaintiff alleges nowhere that Nelson or Hook is an employee of Westrock.**} when he chose to deprive Plaintiff of his property {**Which property?  What facts show Plaintiff's actual ownership or Nelson's or Hook's lack of authorization to take the property?**}."

f. "Plaintiff owned the above-mentioned property, and Plaintiff was entitled to possession of this property {**Based on what facts?**}."

g. "[Nelson and Hook] took possession of Plaintiff's property with the intent to exercise control over it {**Based on what facts?**}."

h. "[Nelson and Hook] intentionally deprived Plaintiff of his property {**How so?**}, and intentionally deprived Plaintiff of his right of possession over such property. {**Based on what facts?**}."

i. "When [Nelson and Hook] intentionally deprived Plaintiff of his property, [Nelson and Hook] knew better than to take another person's property but did it anyway {**How does Plaintiff allegedly know this?**}."

j. "[Nelson's and Hook's] conduct was outrageous {**What facts show outrageousness?**} either because of his evil motive or reckless indifference to Plaintiff's rights {**What facts show this?**}."

11

45.    Because Plaintiff cannot defeat diversity jurisdiction based on a claim supported by nothing more than conclusory allegations, removal based on fraudulent joinder also is warranted.

## V.    OTHER PROCEDURAL REQUIREMENTS ARE ALSO SATISFIED

46.    Based upon the allegations in the Second Amended Complaint, the proper venue for removal of this action is to the United States District Court for the Western District of Missouri because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

47.    Pursuant to 28 U.S.C. § 1446(a), all Defendants join in this Notice of Removal.

48.    In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders provided to Defendants in this action are attached as Exhibits to this Notice of Removal.

49.    In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Jackson, Missouri at Independence, and is being served on all adverse parties.

50.    Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded any claims upon which relief can be granted, and without admitting Plaintiff is entitled to any monetary or equitable relief whatsoever.

**WHEREFORE**, Defendants Westrock Services, LLC, Jason Hook, and Rex Nelson give notice that this action is removed from the Circuit Court of Jackson County, Missouri, to the United States District Court for the Western District of Missouri.

FIELDS & BROWN, LLC

Dated: March 18, 2024

By: <u>Denise F. Fields</u>
Denise Fields, Mo. No. 60036
300 Est 39th Street, Suite LL1F

12

4865-0502-4938

Kansas City, MO 64111
Telephone: (816) 474-1700
Fax: (816) 421-6239
dfields@fieldsandbrown.com

Katie M. Connolly, Mn. No. 0338357
*Pro Hac Vice pending*
Sara L. Lewenstein, Mn. No. 0400160
*Pro Hac Vice Pending*
NILAN JOHNSON LEWIS PA
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
Telephone: 612-305-7500
Fax: 612-305-7500
kconnolly@nilanjohnson.com
slewenstein@nilanjohnson.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of March, 2024, a copy of the foregoing was served on

the following counsel of record through the Court's electronic filing notification system:

/s/ Denise Fields
Attorney for Defendants

13

4865-0502-4938